NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0253n.06

No. 25-1946

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 04, 2026
KELLY L. STEPHENS, Clerk

)
)
MARIA SMITH,                                     )
                                                )    ON APPEAL FROM THE
            Plaintiff–Appellant,                )    UNITED STATES DISTRICT
                                                )    COURT FOR THE EASTERN
v.                                              )    DISTRICT OF MICHIGAN
                                                )
MICHIGAN BELL TELEPHONE COMPANY,                )                    OPINION
                                                )
            Defendant–Appellee.                 )
                                                )

Before: STRANCH, BUSH, and BLOOMEKATZ, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**. Maria Smith sued her former employer, Michigan Bell Telephone Company, bringing several claims under the Americans with Disabilities Act (ADA). Michigan Bell moved for summary judgment, and the district court granted the motion. We **AFFIRM**.

I.

Smith worked for Michigan Bell and had "an extensive leave of absence history." R. 34-3, Peck Decl., PageID 630. During her time with Michigan Bell, Smith was subject to a progressive discipline policy pursuant to a collective bargaining agreement.

In May 2021, Michigan Bell approved Smith's request while pregnant to work from home through her delivery date (approximately the end of August 2021) as an ADA accommodation. As part of her request, Smith included her physician's recommendation that she limit her commute time to less than four hours and work from home to decrease her risk of exposure to the COVID-

19 virus. Her physician noted that "[by] being pregnant[,] she is more at risk and considered immune compromised" and that "all pregnant patients are at risk for blood clots." R. 34-4, Ex. A-1 to Pratt Decl., PageID 734. But Smith experienced difficulties receiving her work equipment—she was forced to physically go to the office once to get her computer, some cords had to be mailed at a later date, and she struggled to log into her computer.

While Smith was in the office retrieving her equipment, a Michigan Bell attendance manager conducted an "Attendance Action Plan" meeting with Smith to discuss her absences. During that meeting, Smith was issued an "attendance counseling," the first step in Michigan Bell's progressive discipline process, for unapproved absences in 2020 (August 12 through December 31) and 2021 (May 25 through June 23). Smith did not receive any further discipline.

Two years later, in February 2023, Smith started a full-time job with the City of Kalamazoo but did not inform Michigan Bell until she voluntarily resigned from her position at Michigan Bell in April 2023.

As is relevant here, Smith sued Michigan Bell for discrimination, failure to accommodate, and retaliation under the ADA. The district court granted summary judgment to Michigan Bell, concluding that Smith had not established a prima facie case of disability discrimination because she failed to provide sufficient evidence that she was disabled and that she suffered an adverse employment action. For similar reasons, the district court also granted summary judgment to Michigan Bell on Smith's failure to accommodate and retaliation claims. Smith timely appealed.

## II.

We review the district court's grant of summary judgment de novo. *Smith v. Newport Utils.*, 129 F.4th 944, 948 (6th Cir. 2025).

Smith's discrimination and retaliation claims fail because she has not suffered an adverse employment action. *See Tumbleson v. Lakota Loc. Sch. Dist.*, No. 25-3548, 2026 WL 1328618, at *4 (6th Cir. 2026); *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 419 (6th Cir. 2021). Smith voluntarily resigned from Michigan Bell, and to show that her resignation constituted an adverse employment action she must establish that she was constructively discharged. *See Gorbe v. City of Lathrup Vill.*, No. 21-1532, 2022 U.S. App. LEXIS 11685, at *13 (6th Cir. Apr. 28, 2022) (order) (citing *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 554–55 (6th Cir. 2008)). To do so, Smith must identify evidence that Michigan Bell deliberately created a working condition that "a reasonable person would perceive as intolerable," *Cooper v. Dolgencorp, LLC*, 93 F.4th 360, 373 (6th Cir. 2024)—so much so that a reasonable person in Smith's shoes would have felt compelled to quit, *Morrissey v. Laurel Health Care Co.*, 946 F.3d 292, 303 (6th Cir. 2019).

Smith notes that she lacked necessary equipment to work from home, that she was forced to come into the office one day to retrieve her equipment, and that Michigan Bell issued a counseling warning after her extended leaves of absence. That is a far cry from intolerable. As to her equipment, a reasonable person would not feel compelled to quit her job after—only once—traveling to retrieve her equipment in order to work from home. By contrast, this court has said that sexual assault, reduction in salary, and harassment are examples of conditions that would make a workplace "intolerable." *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 814 (6th Cir. 2020).

And as to Smith's contention that the counseling warning made her workplace intolerable, "criticism and feedback do not suffice, especially when contained to a few isolated incidents." *Id.* In fact, an employer's critique specifically about an employee's attendance is insufficient to establish constructive discharge. *See Plautz v. Potter*, 156 F. App'x 812, 818 (6th Cir. 2005).

3

Moreover, Smith seems to continually ignore that her approved accommodation (working from home during the duration of her pregnancy) "did not encompass the behavior for which she was disciplined," which included refusing to "work at all" even before she requested the accommodation. R. 38, Dist. Ct. Op., PageID 935 (cleaned up).

"Our job is to confirm that [Smith's] work conditions were indeed hellish, or at least close to it." *Tchankpa*, 951 F.3d at 815. Smith failed to show such conditions, perhaps most aptly highlighted by the fact that she continued to work for Michigan Bell for two years *after* the claimed "intolerable" workplace. *See, e.g., Brelsford v. U.S. Foodservice Inc.*, No. 06-13628, 2007 WL 2902873, at *4 (E.D. Mich. Oct. 2, 2007) ("[Plaintiff] continued to work for another two months, which is inconsistent with intolerable working conditions."); *Mills v. Mason Consol. of Sch. Dist.*, No. 07-cv-14648, 2008 WL 4457808, at *9 (E.D. Mich. Sep. 30, 2008) ("Plaintiff continued in her position nearly two months beyond [a meeting] despite her allegation of 'intolerable' working conditions . . . ."). Thus, Smith has not shown that she was constructively discharged. Nor does the single incident of attendance counseling in 2021, standing alone, constitute an adverse employment action. *See McNeal v. City of Blue Ash*, 117 F.4th 887, 903 (6th Cir. 2024).

Smith's failure-to-accommodate claim is unavailing because she has failed to identify evidence that she was disabled. *See Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 417 (6th Cir. 2020). Under the ADA, a disabled person is one who (1) has "a physical or mental impairment that substantially limits one or more major life activities of such individual," (2) has "a record of such impairment," or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C). Normal pregnancies are not disabilities under the ADA, but pregnancy-related conditions may qualify as impairments. *Spees v. James Marine, Inc.*, 617 F.3d 380, 396–97 (6th Cir. 2010).

4

Smith contends that her increased risk of infection to COVID-19 qualifies as an "impairment" and substantially limited her major life activities during her accommodation period. Nevertheless, in her documents, her physician notes that Smith's risk was ordinary for pregnant women: "With being pregnant she is more at risk and considered immune compromised for infections . . . *all pregnant patients* are at risk for blood clots." R. 35-1, Ex. A to Resp., PageID 880 (emphasis added). Crucially, Smith has not presented evidence of any type of abnormal or unique pregnancy complication that would render her "disabled" under the ADA. So she has not carried her burden to show that she was disabled.

For these reasons, the district court's judgment is **AFFIRMED**.